## KRAFT v. RECH.

Ohio Appeals, 9th Dist., Summit Co.

Rockwell & Grant, Akron, for Kraft.

Doolittle, Foust & Holden, Akron, for Rech.

**473. ESTATES—1271. Wills and Legacies.**
FUNK, J.

1. In Ohio estates vest at the death of the testator, in the absence of words in the will to the contrary.

2. Where the will is ambiguous, and there is doubt as to the particular time at which the estate shall vest, it will be construed to vest as of the earlier date.

3. When all parts of a will have been considered, and the intention then remains ambiguous, resort may be had to settled technical rules of construction for aid in arriving at a proper solution of the difficulty.

(Pardee, PJ.; and Washburn, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## McCLAIN v. LYON.

Ohio Appeals, 5th Dist., Morrow Co.

T. B. Mateer, Mt. Gilead, for McClain.

Barry & Wieland, Mt. Gilead, for Lyon.

**38. ADOPTION—681. Jurisdiction.**
HOUCK, J.

1. In proceeding involving validity of decree of adoption Court of Appeals must rely wholly on record before it.

2. Adoption proceedings are wholly statutory, and statutes must be clearly followed to give Probate Court jurisdiction to decree adoption.

3. Where Probate Court was without jurisdiction in first instance in adoption proceedings, in view of 8030 and 8030-1 GC., proceedings were not voidable but void.

(Shields and Lemmert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## MICHAEL v. PASSIONS.

Ohio Appeals, 6th Dist., Lucas Co.

Joseph G. Gluck, Toledo, for Michael.

L. W. Hunt and Conn & Holloway, Toledo, for Passions.

**708. LEASES—106. Assignments—1265. Weight of Evidence.**
RICHARDS, J.

1. Where evidence showed only that assignee of lessee took possession of premises and paid several months rent to lessor, finding that lessor accepted assignee as tenant and agreed to release lessee from liability on lease held against weight of evidence.

2. Mere assignment of lease by lessee, and consent to same by lessor, followed by acceptance of rent from assignee, does not release original tenant from liability on lease for rent.

(Culbert and Williams, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## McKENZIE v. INDUSTRIAL COMM.

Ohio Appeals, 2nd Dist., Franklin Co.

Houck and Shields, JJ., of the 5th Dist., and Young, J., of the 6th Dist., sitting.

David Peiros, Columbus, for McKenzie.

John R. King and R. E. Hughes, Columbus, for Commission.

**465. ERROR PROCEEDINGS—1283. Workmen's Compensation.**

HOUCK, J.

1. Whether trial court committed prejudicial error in sustaining defendant's motion for directed verdict, in action for workmen's compensation, must be determined by Court of Appeals, on testimony contained in transcript offered in trial.

2. Where employee of city was struck by automobile while on way to work within three blocks of place of employment and within half hour of commencing work, resulting injury was not sustained in course of, and did not arise out of, employment.

3. Finding that injury was sustained in course of or arose out of employment must be proved or admitted before claimant would have right to compensation.

(Shields and Young, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## WARD v. SWARTZ et.

Ohio Appeals, 6th Dist., Sandusky Co.

Parkhurst & Vickery, Bellevue, and Harry E. Garn, Fremont, for Ward.

Smith, Baker, Effler & Eastman, Toledo, for Swartz.

**941. PRACTICE & PROCEDURE—1104. Statutes—860. Obiter Dictum.**

WILLIAMS, J.

1. By virtue of 26 GC., the amendment of Section 6308 by 110 Ohio Laws, 407, Section 1, permitting actions for automobile injuries to persons to be brought in the county where injury occurred, applies to all actions brought after effective date of amendment, regardless of time cause of action arose, since amendment applies only to the remedy.

2. Provision of Sect. 6308 GC. as amended by 110 Ohio Laws, 407, Section 1, permitting all actions for automobile injuries to persons to be brought in county where injury occurred, regardless of defendant's residence, is a venue statute and only remedial, hence does not affect the cause of action.

3. Where obiter dictum of a Supreme Court opinion is carried into the syllabus, such action shows court's intention to declare it a rule of law.

(Richards and Lloyd, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.